## STANDARD OIL CO. OF CALIFORNIA v. UNITED STATES.

### No. 21327—R.

District Court, N. D. California, S. D.
June 11, 1941.

Pillsbury, Madison & Sutro and Felix Smith, all of San Francisco, Cal., for plaintiff.

Frank Hennessy, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., and J. W. Hussey, Sp. Asst. to Atty. Gen., for defendant.

ROCHE, District Judge.

In this action, plaintiff seeks to recover a refund on taxes paid for the period January 1, 1934 to December 31, 1936, on the transportation of natural gasoline by pipe line.[1] Plaintiff made its payments in accordance with the provisions of Section 731(a) of the Revenue Act of 1932, 47 Stat. 169, 275, 26 U.S.C.A. Int.Rev.Acts, page 636, which imposed a tax "upon all transportation of crude petroleum and liquid products thereof by pipe line."

It is plaintiff's contention that natural gasoline does not come within the scope of this statute, that the tax was mistakenly imposed, and that a refund must be made. The Government alleges that plaintiff's product was properly taxable under Section 731(a) as a liquid product of crude petrole-

---

[1] Upon submission of this matter for decision, the parties in the cases of California Co. v. United States, No. 21556 and Shell Oil Co. v. J. P. McLaughlin et al., No. 21258 stipulated that since the "issue is also the principal issue raised by the pleadings on file in * * * 'Standard Oil Co. * * * v. United States, No. 21327', * * * all evidence introduced by the parties to said Standard action at the trial thereof and which relates to said issue shall be deemed to have been introduced in evidence (in the companion cases), * * * and the court shall decide said issue in the (companion cases) on the basis of said evidence." Accordingly, at the conclusion of the trial in the Standard Oil case, the California and Shell actions were submitted "to the court for its decision without further trial", based on the records "in said Standard action". Therefore, this opinion is applicable to the three separate cases which have been submitted to the trial court for decision, even though it is written in language which is directed solely toward the parties in the Standard Oil case.

um. The question for decision is whether natural gasoline is a product of crude petroleum.

Plaintiff has presented evidence which shows that crude petroleum means crude oil to those engaged in the industry. Both terms are applied to settled, merchantable pipe line oil. Testimony of plaintiff's expert witnesses discloses that crude oil—and thus, crude petroleum—is not the source of natural gasoline, which arises from "wet" natural gas, a product of petroleum (see below for definition). It is plaintiff's contention that since natural gasoline is not produced from crude oil, it does not come within the provisions of Section 731 (a) as "crude petroleum or the products thereof".

The evidence before the Court shows that crude petroleum and crude oil are considered interchangeable terms by oil men; but it also reveals that the term "crude petroleum" is seldom used by those in the oil industry. Text writers, according to plaintiff's witnesses, frequently employ crude petroleum in the sense of crude oil. On the other hand, these same writers, in the same books, sometimes use the term in a different and a broader sense so that it means "petroleum" (see below for definition). Neither amongst the trade nor amongst early writers on the subject of oil production is there a well established meaning for the term crude petroleum. Therefore, it is proper for the Court to examine the history of the 1932 Revenue Act in order to ascertain what Congress meant by its use of the term. In this way, it will be possible to determine whether natural gasoline is a product of crude petroleum, and taxable as such.

In the case of General Petroleum Corporation of California v. United States, D. C. S.D.Cal.1938, 24 F.Supp. 285, 288, the court made a careful study of the legislation which is now applicable. The following statements throw light on the state of mind of Congress in selecting the term "crude petroleum":

"The legislative history of the section under consideration shows that the object sought to be attained by the 1932 enactment was the taxation of gasoline transported by pipe line. The Revenue Acts of 1917 and 1918 * * * taxed the transportation of 'oil by pipe line'. Article 91 of Regulation 49, promulgated under the 1918 Act, defined the word oil as 'crude petroleum and such of its products as may be transported by pipe line.' The tax on pipe line transportation was repealed in 1921. It was the object of the 1932 Act to restore it. The Act as it reached the Senate Finance Committee retained the word 'oil'. It was changed in Committee to the present wording. The Committee, in its report, stated the object of the change to be as follows: * * *

"The word 'oil' has been changed to 'crude petroleum and liquid products thereof.' This will make transportation of gasoline as well as crude oil taxable. * * * 1932 C.C.H. Paragraph 2541-b, Special Bulletin, May 31, 1932."

The Conference Report of the Bill contained similar statements (1932 C.C.H. Par. 2547-J, Special Bulletin, June 10, 1932), which were quoted by the court. Its review of the history of Section 731(a) of the 1932 Revenue Act then continued:

"The deliberate substitution of the words 'crude petroleum' for 'oil' indicates an intention to avoid the possible effect of decisions which had declined to consider gasoline as a derivative of oil. The use of the phrase 'instead of to oil only' in the Report, shows plainly that the new terminology was to reach more products than the old one. If, as contended by the plaintiff, the words 'crude petroleum' mean nothing more than 'crude oil', then the change was a useless gesture. Yet the conference committee says that they sought words of a broader meaning because they aimed to reach, by the change, products not reached by the old law. * * *

"When words existing in a prior enactment which it is sought to revive are changed, the inference is that the old words proved inadequate for the matters which the legislation sought to reach. When added to that is the fact, expressed specifically by the legislative body, that the substitution of wording aimed to achieve a certain result, there is no room for speculation. And when the aim is obvious, the literal or even scientific meaning of a word must be disregarded in order to achieve it. * * * It is conceded by the plaintiff that the tax applied to straight-run gasoline, i. e., gasoline extracted by various processes directly from the oil. The object of the Congress being to tax gasoline in general, without any specific designation of kind, no reason appears for declining to include casing-head [natural] gasoline. Casing-head gasoline is gasoline."

■ In like manner, in the case before this Court, plaintiff concedes the applicability of the taxing statute to straight-run gasoline—which is a product of crude petroleum; but plaintiff denies that natural gasoline comes within the scope of the statute. Plaintiff's position, as set forth above, rests on the identity of crude petroleum with crude oil. The quoted language from the General Petroleum case shows that this position is untenable in the light of the history of the legislation. Crude petroleum is not crude oil in the eyes of Congress. The question then arises: what is crude petroleum?

In Phillips Pipe Line Company v. United States, 1941, Court of Claims No. 44359,[2] a case with the same issue as that which is now before this Court, the Commissioner submitted the following definition of petroleum in his report of December 30, 1940: "Petroleum is a mixture of naturally occurring hydrocarbons which may assume either the solid, liquid, or gaseous state. These three phases of petroleum are transmutable, one into the other, by the application of moderate changes in temperature and pressure. Some of the constituents of petroleum are solids at ordinary earth temperatures, but the application of heat to produce a slight rise in temperature will cause them to assume liquid form and further heating to the boiling point will convert them into gases and vapors. Other constituents are vapors at ordinary temperatures, but earth pressures naturally developed within the containing rocks will cause them to condense, forming liquids. Relief of this pressure will permit the liquid to vaporize again, providing the temperature does not change. Liquid petroleum may also be converted into the solid or gaseous states by evaporation of the lighter and more volatile fractions, the latter forming gases or vapors, and the heavier fractions forming solids."

Casing-head, or natural, gasoline may be produced from petroleum, as herein defined. Is there a difference between petroleum and crude petroleum?

■ As previously stated, the evidence indicates that the term "crude petroleum" has no well established usage or meaning. Under these circumstances it is proper for the Court to resort to a scientific analysis of the modification of "petroleum" by the adjective "crude". This was done in the General Petroleum case, wherein the court declared, 24 F.Supp. at page 287: "The coupling of the words 'crude' and 'petroleum' is, from a strictly scientific standpoint, tautological. For the word 'petroleum' conveys all the meaning which the words 'crude petroleum' do." In other words, the addition of the adjective "crude" does not alter the meaning of the word "petroleum". Thus, the terms "petroleum" and "crude petroleum" are synonymous, and natural gasoline is a product of crude petroleum within the meaning of Section 731(a) of the Revenue Act of 1932.

A summary of the evidence before the Court establishes the fact that natural gasoline, which is derived from wet natural gas, is a product of petroleum as it has been defined by the Commissioner (Phillips Pipe Line Company v. United States, above), as it is understood by scientists, and as it has been established by experts in this case. Natural gasoline, while differing from straight-run gasoline, is also a product of petroleum, which is synonymous with crude petroleum. Both gasolines come within the provisions of Section 731(a) of the Revenue Act of 1932, which imposes a tax on "crude petroleum and liquid products thereof". Plaintiff's natural gasoline, which is transported by pipe line, has been properly taxed.

Accordingly, judgment will be entered in favor of defendant, upon preparation of findings of fact and conclusions of law. Plaintiff will pay costs.